IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| D. RICHARD PURIFOY, | ) |
| Plaintiff, | ) CASE NO.: |
| -vs- | ) |
| SYMETRA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, D. Richard Purifoy (Rick), by and through his undersigned counsel, and for his Complaint against Defendant, Symetra Life Insurance Company (Symetra), alleges and says:

## PARTIES

1. The Plaintiff, Rechard Purifoy, is a citizen of the State of Indiana, residing in Noblesville, Indiana.

2. Defendant, Symetra, is incorporated under the lens of the State of Washington with its principal offices located in Bellevue, Washington.

3. Symetra is registered with the Department of Insurance in the State of Indiana.

## JURISDICTION AND VENUE

4. This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. (ERISA).

5. Jurisdiction is premised upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over the action pursuant to 29 U.S.C. § 1132(e), the jurisdictional provision of ERISA.

6. Venue of this action is properly before the Court pursuant to 28 U.S.C. § 1391(e)

and 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

7. At all relevant times, Plaintiff, Rick, was employed full-time as a mechanical Project Manager for DEEM, LLC (DEEM) is a mechanical contractor.

8. At all relevant times, Symetra issued a Group Long Term Disability Policy, Policy No. 0101693900, (LTD Policy), insuring the employees of DEEM. Attached hereto and incorporated by reference is a copy of the LTD Policy, which is marked as Exhibit "A."

9. At all relevant times, Rick was insured under the LTD Policy.

10. The LTD Policy insures Rick in the event he is disabled. The terms "Disabled/Disability" mean, "our determination that your sickness or injury began while you are covered under the policy and :

- during the elimination period and for the first 24 months of disability benefits, prevents you from performing with reasonable continuity the material and substantial duties your regular occupation and a reasonable employment option offered to you by the employer and, as a result, the income you are able to earn is less that or equal to 80% of your pre-disability earnings.

- After the first 24 months of disability benefits, prevents you from performing with reasonable continuity the material and substantial duties of any occupation and, as a result, the income you are able to earn is less than or equal to 80% of your pre-disability earnings."

11. The term, material and substantial duties "are the duties that:

- are normally required for the performance of the occupation;
AND
- cannot be reasonably omitted or changed."

12. On or about January 29, 2021, Rick suffered an acute lunar infarct of left basal ganglia and chronic lacunar infarcts of bilateral corona radiata cerebral vascular accidental (stroke). Following a neurological assessment, it was believed the cause of Rick's stroke was due

to hypertension.

13. As a result of Rick's stroke, he suffered from facial droop, speech impairments, severe fatigue, impairments to his executive functioning.

14. According to Symetra, Rick's regular occupation was a medical project manager, and his primary duty was:

- Plans, directs, and coordinates activities of mechanical construction projects, resources, and client relationship to ensure that goals or objectives or projects are accomplished within prescribed time frame and funding parameters.

15. According to Symetra, the functions of Rick's regular occupation are:

- Heads scheduling, management of key deliverables, coordination with field crews, and coordinating with design/engineering team. Analyzes and clarifies project goals and objectives. Prepares estimates, compiles submittal packages, prepares RFIs, and participates in contract negotiation. Reviews project proposal or plan to determine time frame, funding limitations, procedures for accomplishing projects, staffing requirements, and allotment or available resources to various phases or projects. Establishes work plan and multidisciplinary staffing for each phase of project and arranges for recruitment or assignment of project personnel. Confers with project staff to outline work plan and to assign duties, responsibilities, and scope of authority. Directs and coordinates activities of project personnel to ensure project progresses on schedule and within prescribed budget. Reviews status reports prepared by project personnel and modified schedules or plans as required. Prepares project reports for management, client, or others. Confers with project personnel to provide technical advice and to resolve problems. Reviews, approves, and monitors construction schedule provided by contractors. Analyzes and negotiates change orders. Coordinates and follows up with subcontractors in expediting change order quotes and monthly billings. Attends construction meetings, interfaces with clients, and writes reports. Ensures timely completion of projects.

16. On November 8, 2021, Symetra terminated Rick's LTD benefits based upon a medical review.

17. Rick exhausted all administrative remedies under ERISA and the Symetra LTD plan including submitting an administrative appeal of Symetra's termination letter.

18. On July 28, 2022, Symetra denied Rick's administrative appeal.

19. Symetra's termination of benefits and denial of Rick's administrative appeal were arbitrary and capricious due to, but not limited to, mischaracterizing Rick's medical records, cherry picking information from Rick's medical records and testing, and dismissing Rick's ongoing symptoms of severe fatigue, confusion and easily distractible out-of-hand even though they are known defects of stroke patients.

20. Subsequent to Symetra's termination Rick was found to be totally disabled and unemployable by the Social Security Administration.

21. On January 3, 2023, the Social Security Administration found Rick was totally disabled from the time of his stroke to the present and have continuously paid Rick Social Security Disability benefits from the time of his stroke to the present.

22. Following Rick's award of LTD benefits, Symetra reopened the Plaintiff's claims' file and considered the Plaintiff's award of Social Security disability benefits. On February 14, 2023, Symetra, declared it over paid Rick's benefits and sought an overpayment of LTD benefits based upon Social Security Disability benefits paid to Rick.

23. Rick appealed the overpayment in an administrative appeal and argued once Symetra reopened its claims file and considered the Social Security Disability Award as an offset of benefits, it had a duty to consider the Social Security Disability Award pursuant to *Metropolitan Life Ins. Co., v Glenn,* 554 U.S. 105 118, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) and *Holmstrom v Metropolitan Ins. Co.,* 615 F.3d 765, 773-74 (7th Cir. 2010).

24. Symetra acted in an arbitrary, capricious and unreasonable manner in its denial

when it reopened its claims file to consider Rick's award of Social Security Disability benefits for purposes of a set-only.

25. Based upon the above, Symetra acted in an arbitrary, capricious, and unreasonable manner.

## ERISA CLAIMS

26. Rick repeats and realleges the foregoing allegations as if fully set forth herein.

27. The policy issued by Symetra constitutes an employee benefit plan pursuant to the Employees Retirement Income Security Act, 29 U.S.C. § 1001 et. seq.

28. Symetra was and is the administrator of and fiduciary of the Policy, as well as the insurer and party obligated to pay benefits due under the policy.

29. At all relevant times, Symetra acted under a structural conflict of interest and further engaged in multiple procedural conflicts of interest in terminating Rick's LTD benefits.

30. At all relevant times, Rick has been disabled within the meaning of the Policy and is entitled to continuous benefits.

31. Symetra wrongfully terminated Rick's benefits since November 8, 2021.

32. Symetra's termination of benefits and other decisions were erroneous arbitrary, capricious and unreasonable.

33. Symetra's conduct and actions entitle Rick to an award of reasonable attorney's fees, interest, and costs.

**WHEREFORE**, the plaintiff, D. Rick Purifoy, respectfully requests the Court to enter judgment against the Defendant, Symetra Life Insurance Company, compel Symetra to pay Rick Purifoy all disability benefits due, past, present and future and award all appropriate relief pursuant

to ERISA, 29 U.S.C. § 1001, et. seq., including reasonable attorney's fees, interest, costs, and all other just and proper relief.

                        Respectfully submitted,

By:   /s/ Robert E. Saint
      Robert E. Saint, Esq., Attorney No. 1566-49
      Of Counsel:
      EMSWILLER, WILLIAMS, NOLAND & CLARKE, LLC
      8500 Keystone Crossing, Suite 500
      Indianapolis, IN 46240-2461
      Phone:  (317) 257-8787
      Fax:    (317) 257-9042
      Email:  rsaint@ewnc-law.com

# EXHIBIT "A"